### MORRELL v. ROGERS & Trustee.

*Practice.*  Upon an issue, in a foreign attachment, to try the validity or effect of an assignment, where the assignee has become a party to the record, pursuant to *Revised Stat. ch.* 61 *sec.* 7, the disclosure of the trustee may be read in evidence to the jury.

This was a *foreign attachment,* wherein the trustee having in his answers disclosed an assignment to *Arthur Gilman* of the goods, effects and credits of his principal, and *Gilman* being admitted a party to the suit pursuant to *Stat.* 1817. *ch.* 148. [*Revised Statutes ch.* 61. *sec.* 7.] it was objected by the plaintiff that the assignment thus disclosed was invalid, and ought not to have any effect to defeat his attachment; and an issue was thereupon formed to the country.

*Allen* and *H. W. Fuller,* for *Gilman,* offered in evidence to the jury the disclosure made in the case by the trustee; to which *Sprague,* for the plaintiff, objected, because, not being a deposition, nor the deed or writing of the adverse party, nor testimony *viva voce* in Court, it was not the " *usual evidence*" mentioned in the statute.

But it was replied that the assignment was known only by means of the disclosure, which was now matter of record, and must be seen by the Court, and consequently might be examined by the jury.

And to this opinion THE COURT inclined, and admitted the disclosure to be read in evidence to the jury.